UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID C. HAENNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Cause No. 1:23-cv-00243-PPS-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Frank Bisignano, Commissioner* | ) |
| *of the Social Security Administration,*[1] | ) |
| | ) |
|    Defendant. | ) |

### OPINION AND ORDER

Plaintiff David C. Haenner brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On February 12, 2024, the Court granted the Commissioner's motion for reversal with remand and remanded the case for further proceedings. (ECF 22).

Haenner's counsel, Matthew Richter of Keller & Keller LLP ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $36,083.25. (ECF 27). Counsel acknowledges that if fees are awarded under § 406(b), Counsel must refund to Haenner the $3,960.38 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF 28 at 5). The Commissioner filed a response, stating that he does not support or

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

oppose Counsel's fee request. (ECF 29). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On May 10, 2023, Counsel entered into a fee agreement with Haenner for their representation of Haenner in federal court, in which Haenner agreed to pay Counsel 25 percent of any past-due benefits awarded to him. (ECF 28-1).[2]

On June 13, 2023, Haenner filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, on February 12, 2024, the Court granted the Commissioner's motion for reversal with remand and remanded the case for further proceedings. (ECF 22).

On May 12, 2024, Haenner filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for Counsel's 17.9 hours of legal work, advocating for Haenner's claim in federal court. (ECF 28 at 4). On May 16, 2024, the Commissioner filed a response to Haenner's request and did not oppose an award of $3,960.38 for attorney fees and expenses and $402.00 in cost under the EAJA. (ECF 25). The Court subsequently granted the motion under the EAJA for $3,960.38 for attorney fees and $402.00 in costs. (ECF 26).

On November 14, 2018, the Commissioner sent Haenner a notice of award, stating that he was found disabled as of August 20, 2020, and was entitled to monthly

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

disability benefits beginning June 2019. (ECF 28-3 at 2). The Commissioner also informed Haenner that he was entitled to $144,333.00 in past-due benefits. (*See id.*).

On February 13, 2026, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of an award of $36,083.25 in attorney fees for Haenner's representation before this Court. (*See* ECF 27, 28).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.925(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within [that] boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

C. *Legal Analysis*

---

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

The Court is charged with determining whether Counsel's requested fee of $36,083.25 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

First, this amount is not in excess of 25 percent of the total past-benefits. The past-benefits awarded is $144,333.00, and 25 percent of $144,333.00 is $36,083.25. Thus, the requested fee of $36,083.25 is not in excess of 25 percent of the past-due benefits.

Counsel contends that the requested fee award of $36,083.25 is reasonable due to the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case. (ECF 28 at 3-5). Counsel obtained a good result for Haenner, as the Commissioner remanded the case for further proceedings and ultimately awarded Haenner benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Additionally, Counsel requested, and was granted, two twenty-eight day extensions of time (ECF 10-13), and thus did not contribute to unreasonable delay of the case.[6] *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's

---

[6] Any delay caused by Haenner's Counsel seems irrelevant because the drafting of motions for extension is not included in the billed hours. (ECF 28-4).

counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $36,083.25 for 17.9 hours of legal work, equates to an attorney rate of $2,015.82 per hour. (ECF 28 at 4). While this rate is on the high side of the range of previous awards in this district and the Seventh Circuit, the Court does not find this award unreasonable on the circumstances presented. *See Plummer v. O'Malley*, No. 1:23-CV-85-TLS, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (finding an effective hourly rate of $3,227.48 for attorney work to be reasonable and collecting cases finding hourly rates from $4,821.65 to $1,586.74 to all be reasonable).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $36,083.25. Given that the previously awarded $3,960.38 for EAJA attorney

fees and $402.00 in costs is the smaller of the two fees, Counsel must refund the $3,960.38 for EAJA attorney fees and $402.00 in costs to Haenner, as an EAJA award "offsets" an award under § 406(b). *Gisbrecht*, 535 U.S. at 796; *see also O'Donnell*, 983 F.3d at 953.

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 27) is GRANTED in the amount of $36,083.25. Counsel is reminded of their duty to refund the $3,960.38 for EAJA attorney fees and $402.00 in costs to Haenner which were previously awarded to Counsel.

SO ORDERED.

ENTERED:  February 23, 2026.

                                                /s/   Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT